P. O'B. MONTGOMERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCES H. MONTGOMERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 110567, 110568.   Promulgated April 23, 1943.

*Allen Charlton, Esq.*, and *H. W. Goodson, C. P. A.*, for the petitioners.

*D. D. Smith, Esq.*, for the respondent.

1002

OPINION.

Hill, *Judge:* The deficiencies involved in these proceedings result in their entirety from respondent's action in including in the community income of petitioners the *total profits* realized from the construction of the State of Texas Building, completed in September 1936. The profit derived from the construction contract up to July 1, 1936, in the amount of $86,009.59 was reported by petitioners as community income, but respondent held that the balance of the profit in the amount of $78,567.95, derived after July 1, 1936, and reported by the corporation, P. O'B. Montgomery, Inc., in its return for the taxable year ended June 30, 1937, also constituted community income of petitioners for their taxable year ended December 31, 1936. There is no dispute as to the amount of the total profits so derived and reported. The sole issue for decision is whether or not respondent correctly included in petitioners' income the profit realized from the contract after its assignment to the corporation on July 1, 1936.

Respondent seeks to have us sustain the deficiencies determined by him upon a number of related grounds. First, he says that because the contract was for personal services it was nonassignable, and under the doctrine of *Lucas* v. *Earl*, 281 U. S. 111, and similar decisions, the profit reported by the corporation was first the income of petitioners and taxable to them. Respondent's position on this point is untenable for two reasons: the contract was not for personal services of such character as to render it nonassignable in the absence of restriction by express statutory provision or rule of public policy, and there is no suggestion of any such restriction in this case. *Iowa Bridge Co.* v. *Commissioner*, 39 Fed. (2d) 777. Furthermore, assignment of the contract was expressly authorized by the provision which bound assignees to the full performance of its covenants. *Dillingham* v. *Williams* (Tex. Civ. App.), 165 S. W. (2d) 524, and authorities cited. In the second place, the income in controversy was not earned by the assignor and assigned without consideration, as in *Lucas* v. *Earl, supra;* nor did it represent merely a right, vested in the assignor to receive income from property, prior to assignment without consideration, as in *Harrison* v. *Shaffner*, 312 U. S. 579, involving assignments of trust income. The income before us here arose from performance of the contract by the corporation subsequent to assignment for a valuable consideration. Such income is taxable to the assignee. *Harry Friedman*, 45 B. T. A. 976; affd., 130 Fed. (2d) 306. Cf. *Blair* v. *Commissioner*, 300 U. S. 5.

Respondent also argues that the petitioners can find no refuge from tax liability in the existence of the corporation for the reason that at most it was nothing more than a conduit through which payments due

on the construction contract of December 30, 1935, were made to petitioner P. O'B. Montgomery. In substance, respondent contends, therefore, that the corporate entity should be disregarded and that the profits and income realized by the corporation from completion of the construction work after assignment of the contract to it on July 1, 1936, should be taxed to petitioners. This contention, in our opinion, can not be sustained. Authorities cited by respondent are not applicable under the facts of this proceeding, as will appear from our further discussion below.

Before passing to a consideration of corporate entity in the determination of tax liability, we may point out a fatal defect in the premise upon which respondent's argument in part is based, namely, that the corporation was in fact used as a conduit through which payments were made to P. O'B. Montgomery. The fact is clearly shown by the record that all payments on the contract after July 1, 1936, were made to the corporation, and, to the extent of 97 percent of the profits, ultimately went in the form of dividends to stockholders other than petitioners.

The decisions of the courts on the question of when, to what extent, and under what circumstances corporate entity may be disregarded for tax purposes are too numerous for detailed analysis here. We shall refer only to those establishing principles most clearly applicable under the present facts.

It is the recognized rule that corporations generally are to be treated as taxable entities separate and distinct from their stockholders, and it is only in exceptional circumstances that such distinction can be disregarded. *Burnet* v. *Clark*, 287 U. S. 410. The corporate entity may not be disregarded where the corporation serves legitimate business purposes, even including the reduction of tax liability. *Texas-Empire Pipe Line Co.* v. *Commissioner*, 127 Fed. (2d) 220, modifying on another point, 42 B. T. A. 368.

Separate entity may be disregarded where the corporation performs no useful business function but is merely the agent or *alter ego* of its stockholder. *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330; *Gulf Oil Corporation* v. *Lewellyn*, 248 U. S. 71. These cases, however, were decided upon the peculiar situations presented, and may not be regarded as laying down a general rule. *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415. It has also been held that corporate form may be disregarded when stock ownership has been resorted to, not for the purpose of participating in the affairs of the corporation in the normal and usual manner, but for the purpose of controlling the corporation so that it may be used as a mere agency, tool, or instrumentality. *Ford Motor Co.* v. *United States* (Ct. Cls.), 9 Fed. Supp. 599, and authorities cited. And a corporate entity will

be ignored where the corporation has no actuality or substance, but is a mere subterfuge to disguise the true character of a transaction. *Gregory* v. *Helvering*, 293 U. S. 465.

In *Planters' Cotton Oil Co.* v. *Hopkins*, 286 U. S. 232, the Court stated that a taxpayer is free to do business as an individual, or to carry on his business in corporate form, if he prefers, although in *Higgins* v. *Smith*, 308 U. S. 473, the Court, by way of limiting the application of this rule, pointed out that the Government may not be required to acquiesce in the taxpayer's election of the form of doing business where it is determined to be unreal or a sham, and in such case may sustain or disregard the effect of the fiction as best serves the purpose of the tax statute. Obviously, the latter decision was not intended to recognize unrestrained discretion in the Commissioner, but only where the form of doing business was *unreal* or a *sham*.

In *Woods Lumber Co.*, 44 B. T. A. 88, we denied the Commissioner's contention that the corporation should be treated as a separate and distinct entity and allowed a deduction claimed by the taxpayer, where it was shown that the corporation existed in name only; that it had no funds or properties except such as were furnished by the taxpayer in the ordinary course of operations; that it was never formally organized and never functioned as a corporation; that it had no paid-in capital and no shares of stock were issued; and that the taxpayer conducted the business as its own both prior and subsequent to the issuance of the corporation's charter. On the other hand, in *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, where both corporations were real in form and substance and carried on legitimate business operations, the Court refused to disregard corporate entity and allow a deduction of the prior corporation's losses, notwithstanding both corporations had substantially the same stockholders.

Applying the rationale of the foregoing decisions, we find nothing in the facts and circumstances of the proceedings at bar to justify disregarding the separate entity of the corporation in determining tax liability. It was both *de jure* and *de facto* a real corporation; it was organized in strict compliance with Texas law and was recognized as a corporation by Texas authorities. It had paid-in capital and issued shares of stock, had a board of directors and officers through whom it functioned, and otherwise carried on business operations in the usual and normal manner. These factors establish a corporate entity which must be recognized for tax purposes. *Consumers Construction Co.* v. *Commissioner*, 94 Fed. (2d) 731, affirming 35 B. T. A. 966.

We find nothing in the picture to sustain the contention that this corporation had no actuality or substance, or was a mere subterfuge to disguise the true character of a transaction only for the purpose of

avoiding taxes, as in *Gregory* v. *Helvering, supra*. In that case the Court pointed out that a taxpayer has a legal right to decrease or altogether avoid tax liability by any means which the law permits, and this has been the rule since *United States* v. *Isham*, 17 Wall. 496; but, apart from the tax motive, it was held that what was done did not constitute a nontaxable reorganization because it had no relation to the business of either corporation. The new corporation was without substance; it served no business or corporate purpose.

In contrast, we briefly summarize the facts of the instant case. Petitioners obviously desired, for reasons not specifically disclosed, to make gifts to their three minor children. They organized a corporation and transferred to it the construction contract of December 30, 1935, in consideration of the corporation's agreement to complete performance and to assume all losses and liabilities. The corporation had capital stock divided into 100 shares, of which petitioners gave 96 shares in equal amounts to their children. The children being minors, the stock was held for them by their father, as trustee. This fact is of no materiality, since the record establishes the bona fides of the trust beyond doubt. The corporation completed the construction work and earned profits. Such profits constituted income taxable to the corporation, which it reported and on which it paid the tax due. The corporation distributed the balance of its net earnings as dividends, and each stockholder reported his share and paid the tax thereon. Petitioners made a gift tax return in which they reported the gifts of stock to their children, and there is no question here of any deficiency in gift tax.

It is apparent, of course, that petitioners might have made their gifts in other forms, but, since they were made by means which the law permits, petitioners are not subject to legal censure therefor and tax liability must be determined on the basis of what was actually done.

Petitioners on brief make the alternative contentions that, if respondent's determinations should be approved in theory, then the net profits reported by the corporation in its return should be reduced by the amounts paid to petitioners as dividends, and further that the total amount of taxes paid by the corporation and by the other stockholders on their dividends should be credited against the additional tax liability of petitioners. In view of the conclusions reached above, it is unnecessary to consider those matters here.

The deficiencies determined by respondent are disapproved. Cf. *Iowa Bridge Co.* v. *Commissioner, supra*.

*Decisions will be entered for petitioners.*