GRUMMAN AIRCRAFT ENGINEERING CORPORATION, PETITIONER *v.* RENEGOTIATION BOARD, RESPONDENT

Docket No. 1055–R.    Filed April 24, 1969.

*Robert A. Trevisani* and *Charles W. Colson,* for the petitioner.
*William D. Ruckelshaus* and *James H. Prentice,* for the respondent.

---

### OPINION

MULRONEY, *Judge:* Respondent filed motion in this action to strike certain subparagraphs from the petition in which petitioner alleged facts designed to show that in the proceedings before the Renegotiation Board, respondent acted erroneously, arbitrarily, and capriciously, in determining that petitioner realized excessive profits in the amount of $7,500,000 in 1965. Respondent's motion to strike these subparagraphs is based on the ground that this Court lacks jurisdiction to review the Board's administrative proceedings.

The said motion also moved to strike other paragraphs in which petitioner alleges the Board erred in adjusting its determination of excessive profits of $7,500,000 by a credit for State taxes measured by income. Respondent's motion to strike these subparagraphs is on the ground this Court lacks jurisdiction to determine tax credits.

Oral argument has been had on said motion and each party has filed written briefs in support of its position.

Petitioner's syllogistic reasoning in support of its right to plead the Board acted arbitrarily proceeds along these lines: (a) Under 50 U.S.C. App. section 1218, the jurisdiction of the Tax Court in a renegotiation case parallels the Court's jurisdiction in the redetermination of a deficiency in a tax case; (b) under Rule 32, the taxpayer has the burden of proof but under *Helvering* v. *Taylor*, 293 U.S. 507 (1935), the Supreme Court held, once the tax deficiency determination was proven to be arbitrary, the taxpayer had no additional burden under Rule 32 of proving the correct amount of tax; (c) by applying the doctrine of *Taylor* to a renegotiation case it means, if petitioner proves the Board acted arbitrarily then it need not, in addition, show the correct amount of excessive profits.

50 U.S.C. App. section 1218 gives the Tax Court jurisdiction to redetermine excessive profits. It provides any contractor or subcontractor aggrieved by an order of the Board determining excessive profits can file a petition with the Tax Court of the United States. The statute states:

A proceeding before the Tax Court to finally determine the amount, if any, of excessive profits shall not be treated as a proceeding to review the determination of the Board, but shall be treated as a proceeding de novo. For the purposes of this section the court shall have the same powers and duties, insofar as applicable in respect of the contractor, the subcontractor, the Board, and the Secretary, * * * as such court has under section * * * [secs. 1110, 1111, 1113, 1114, 1115(a), 1116, 1117(a), 1118, 1120, and 1121 of title 26] in the case of a proceeding to redetermine a deficiency.

It should be stressed that the above statute provides the Tax Court in a renegotiation case has parallel "powers and duties" in respect of the contractor to those it possesses in a tax case in respect of a taxpayer

*"insofar as applicable."* A short answer to petitioner's entire argument is that the shifting burden-of-proof rule in a tax case is grounded on what the Commissioner did and it is definitely *not applicable* in a renegotiation case where what the Board did is of no interest.

In general, a tax deficiency is the amount by which tax imposed by taxing statutes exceeds the amount shown as the tax on the taxpayer's return. Sec. 6211, I.R.C. 1954. It is presumptively correct. The Board's determination of the amount of excessive profits is not based upon any statute giving fixed or measurable rules or standards that determine when profits are excessive. 50 U.S.C. App. section 1213 in effect provides the term "excessive profits" shall be what the Board determines after giving "favorable recognition," "particular regard," and due "consideration" to the contractor's efficiency, quantity and quality of production, and six other factors. Reduced to its essentials, the Renegotiation Act imposes upon the Board the responsibility of determining the reasonableness of a contractor's profits by the exercise of discretion, will, or judgment to which no presumption of correctness attaches when the contractor seeks a de novo hearing in this Court.

The doctrine of *Helvering* v. *Taylor, supra,* has no application in a renegotiation case. The manner in which the Board reached its determination is without significance in this de novo proceeding.

Petitioner's argument would dispose completely of the prohibition in 50 U.S.C. App. section 1218 that we are not "to review the determination of the Board." This Court has consistently taken the position that because of the de novo character of the renegotiation cases in this Court the proceedings and records of the Renegotiation Board are not relevant or material to this Court's determination of the amount of excess profits. See *Mente & Co.,* docket Nos. 943–R, 944–R (U.S.T.C., Jan. 9, 1957) (denial of motion for production of Renegotiation Board files); *Peter Thompson,* docket No. 936–R (U.S.T.C., Nov. 21, 1956) (denial of application to order depositions of Board Members and employees); *Douglas Aircraft Co.,* docket No. 958–R (U.S.T.C., Jan. 13, 1958) (Government motion to strike allegations covering Board proceedings, determinations, and records granted).

The contractor's burden of proof is not the burden to overcome any presumption of correctness of the Board's order. It is the usual burden resting on one who files the action to go forward with the evidence to sustain his allegations by proof. *Nathan Cohen* v. *Secretary of War,* 7 T.C. 1002. The contractor is not relieved of his burden in this Court by any showing of what happened in the proceedings before the Board. Consequently, those portions of his petition alleging actions, or lack of actions, by the Board are immaterial.

In the other two subparagraphs in the petition assailed by respondent's motion petitioner alleges that the Board erred in its determination of the amount of its tax credit.

50 U.S.C. App. section 1213(f) provides:

In determining the amount of excessive profits to be eliminated, proper adjustment shall be made on account of the taxes measured by income, other than Federal taxes, which are attributable to the portion of the profits which are not excessive.

Respondent argues the Tax Court's jurisdiction is limited to the redetermination of the amount of excess profits and this does not include questions relating to the computation of tax credits to be employed in determining the amount of excessive profits to be eliminated.

Respondent is right. 50 U.S.C. App. section 1218 gives this Court the "exclusive jurisdiction, by order, to determine the amount, if any, of such excessive profits * * *." We are not given jurisdiction to find the amount to be eliminated after allowance of tax credits. The amount of "excessive profits to be eliminated" (50 U.S.C. App. section 1213(f)) is a different sum arrived at after the allowance of certain credits and nowhere in the statute is this Court given any jurisdiction to resolve any dispute over tax credits.

We said in *Rosner* v. *W. C. P. A. B.*, 17 T.C. 445, 464 (1951):

The jurisdiction of this Court is limited to the redetermination of excessive profits. Section 403(e) (1) and (2) ; *Psaty & Fuhrman, Inc.*, 11 T.C. 638. Credits for income taxes are allowed by the Secretary in the elimination of excessive profits under directions of the Board after this Court enters its order. * * *

For the reasons stated above, respondent's motion has been granted.