PAGE-RIVER-CURRAN, PETITIONER *v*. RENEGOTIATION BOARD, RESPONDENT

Docket No. 1049–R.   Filed March 31, 1971.

*Robert L. Ackerly* and *James J. Gallagher*, for the petitioner.
*Robert P. Donlan*, for the respondent.

#### OPINION

DRENNEN, *Judge:* Petitioner filed a petition in this Court praying that the determination by the Renegotiation Board of excessive profits realized by petitioner in the amount of $1,200,000 be reversed and that this Court determine that petitioner's profits were reasonable and not excessive under the terms of the Renegotiation Act, alleging various

errors in the determination of excessive profits by the Renegotiation Board. Respondent filed its answer and the case is now at issue.

On December 22, 1970, petitioner filed a motion that this Court determine that the burden of proof in this case is on respondent, requesting that the Court find that the respondent has the burden of proof that the petitioner realized excessive profits and the amount thereof.

In *Grumman Aircraft Eng. Corp.* v. *Renegotiation Board*, 52 T.C. 152, this Court held that because of the de novo character of renegotiation cases in this Court that this Court lacks jurisdiction to review the proceedings of the Renegotiation Board and that the proceedings and records of the Renegotiation Board are not relevant or material to this Court's determination of excessive profits. We also stated in the opinion in that case:

> The contractor's burden of proof is not the burden to overcome any presumption of correctness of the Board's order. It is the usual burden resting on one who files the action to go forward with the evidence to sustain his allegations by proof. *Nathan Cohen* v. *Secretary of War*, 7 T.C. 1002. The contractor is not relieved of his burden in this Court by any showing of what happened in the proceedings before the Board.

We adhere to the position we took in *Grumman Aircraft Eng. Corp.* v. *Renegotiation Board, supra*. There may be a time in the course of a trial of a renegotiation case in this Court that the burden of going forward with the evidence will shift from the petitioner to the respondent, but that does not mean that the respondent has the burden of proof that petitioner realized excessive profits and the amount thereof.

Consequently, petitioner's motion must be denied.

*An appropriate order will be entered.*