**PENICK et al. v. EDDLEMAN.    (No. 1884.)**

(Court of Civil Appeals of Texas.    El Paso. March 25, 1926.    Rehearing Denied April 22, 1926.)

1. **Landlord and tenant** ⟨75(3)⟩—**Provision of lease that it shall bind parties and "assigns" held not to operate as consent by lessor to lessee's assignment, required by statute, notwithstanding absence of stipulation against assignment (Rev. St. 1911, art. 5489).**

Rev. St. 1911, art. 5489, prohibiting assignment of lease by tenant without landlord's consent, becomes part of every lease, unless terms thereof exclude it, and provision of lease that it shall be binding on assigns did not operate as such consent, notwithstanding absence of stipulation against assignment; "assigns" referring to assignees by lessor's consent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assigns.]

2. **Landlord and tenant** ⟨134(2)⟩—**Covenant that lessor would not permit use of lower floor of demised premises for certain purposes held not to disable lessor from granting unrestricted use thereof, but merely to give lessee right of action for breach.**

Covenant in lease of second floor that lessor would not permit use of any part of premises for certain purposes *held* not to give lessee control of use of lower floor, so as to disable lessor from granting unrestricted use thereof, but merely to give cause of action for lessor's breach.

3. **Landlord and tenant** ⟨195(2)⟩—**Lessor held not required to relet premises for use which would violate covenant with other lessee in order to mitigate damages on lessee's abandonment of premises.**

On lessee's abandonment of lease of first floor, lessor was not bound, in order to mitigate damages, to relet first floor for use which would violate covenant in lease of second floor that he would not permit use of other parts of building for certain purposes.

4. **Landlord and tenant** ⟨233(1)⟩—**In action for rent after abandonment of lease, issue whether lessee informed lessor of terms of contract with lessee's assignee held immaterial, and finding of jury thereon, even if contrary to evidence, was not reversible error.**

In lessor's action to recover rent of premises which remained vacant after he refused to permit assignment of lease, *held*, that issue whether lessee informed lessor of terms of contract with assignee was immaterial; hence, even

if finding of jury thereon was contrary to evidence, it presented no reversible error.

Appeal from District Court, Jones County; Bruce W. Bryant, Judge.

Action by J. D. Eddleman against R. L. Penick and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Chas. L. Black, of Austin, and Stinson, Coombes & Brooks and Roy L. Duke, all of Abilene, for appellants.

B. W. Patterson, of Cisco, and Thomas & Pope, of Anson, for appellee.

HIGGINS, J. Appellee, Eddleman, owned lot 10 in block 55, in Cisco, Tex., upon which he proposed to erect a two-story building. Prior to the erection of the building he entered into a contract with the telephone company whereby he leased the second story of the building to that company. This lease contained this provision:

"For the consideration herein named, the landlord agrees not to lease or permit any lessee to lease or sublet any portion of the building in which the premises hereby leased are a part thereof, for the purpose of operating a moving picture show, garage or dance hall, or for any occupation or business which will render the premises hereby leased extra hazardous as a fire risk as specified and defined in the 'Texas General Basis Schedule,' or which will materially interfere with or render difficult, by noise or otherwise, the use of the premises hereby leased for the purpose of operating a telephone exchange thereon. * * *"

Subsequent to such lease he entered into a lease contract with appellants Penick & Haynie for the first floor of the building. This contract recites:

Eddleman's ownership of the lot and that he proposed to erect a two-story brick building thereon; the second story to be used by the Cisco Telephone Company, and the first floor to be rented to Penick & Haynie. "This first floor is to be arranged suitable for a mercantile business, to have solid plate glass front, 14-foot ceiling, concrete floor, plastered walls and overhead, and with regulation awning. In fact, to be complete according to plans and specifications.

"Whereas, said party of the second part desires to lease said building for a period of three years with privilege of five years and both parties have hereto reached an agreement as to terms and conditions of said lease:

"Now, therefore, it is mutually agreed by and between the parties hereto as follows:"

(1) In this paragraph Eddleman agrees to lease to Penick & Haynie the first floor of the building.

(2) Stipulates for an annual rental of $5,-000.00, payable monthly, and that the lease shall be for the term of three years from the completion of the building, with the option of five years.

(3) Stipulation as to reasonable care by the lessees.

(4) Covenant by lessor as to repairs and by lessees to surrender at expiration of term reserving to lessees "the right to remove all shelving and fixtures when surrendering building when lease expires."

(5) This section is quoted later.

It was understood between the lessor and lessees prior to the execution of the contract that the latter expected to organize a company or corporation which would occupy the first floor and conduct therein a hardware business. The lessees never entered into possession or occupancy of the building, but, before the same was completed, fully assigned their rights under the lease contract to the Wright-Herring Motor Company, a corporation, which corporation proposed to use the building as a storeroom in the buying and selling of automobiles, and also for garage purposes in connection with said business. The lessor notified Wright-Herring Motor Company that he would not permit the use of the building for garage purposes and could not do so without breaching his contract with the telephone company, and that he would enjoin the use of the building for that purpose, and refused to permit Wright-Herring Motor Company to go into such possession of the building. The first floor of the building remained unoccupied and subsequent to the expiration of the term the lessor filed this suit against the lessees to recover the agreed rental of $15,000, with interest.

The issues submitted and answered read:

"Did the plaintiff in this case use due and reasonable diligence to secure tenants (other than those excepted in the lease between the plaintiff and the Southwestern Bell Telephone Company) for the building in Cisco, Tex., erected for the plaintiff under the contract of March 20, 1920, after he had learned that the defendants had refused to occupy said building as a tenant? Answer: 'Yes.'"

(3) "Did R. L. Haynie inform plaintiff of the terms of the contract between defendants and Wright-Herring Company, under which the latter were to use and occupy plaintiff's building? Answer: 'No.'"

Other issues were submitted conditionally, but, in view of the findings upon issues 1 and 3, answers were not called for and were not made. Judgment was rendered in Eddleman's favor for the full amount sued for.

Under a number of propositions it is asserted that under the terms of the lease the appellants and their assigns had the full and unrestricted right to use and occupy the first floor of the building for any lawful purpose, and by the quoted section of the prior lease to the telephone company the appellee had restricted in favor of such company the right of any tenant upon the first floor to so use and occupy the same, and had thereby disabled himself from granting and assuring unto appellants and their assigns such unrestricted right to use and occupy the first floor, wherefore appellee was not in a position to perform the covenants and

obligations express and implied of the lease contract, and therefore not entitled to recover the rent sued for.

These propositions involve two assumptions, viz.: (1) That the lease was assignable; (2) that the covenant contained in the lease to the telephone company conferred upon that company some control over the use of the lower floor by the tenant thereof and disabled the plaintiff from insuring the appellants and their assigns in the right to occupy and use the premises for any lawful purpose.

[1] In support of their contention that the lease was assignable the appellants rely upon the fifth paragraph thereof, which reads:

"This agreement shall be binding on the parties hereto, their heirs, legal assigns and executors."

We do not think this provision of the contract had the effect contended for it.

In German-American Savings Bank v. Gollmer, 102 P. 932, 155 Cal. 683, 24 L. R. A. (N. S.) 1066, it was said:

"The lease contained a covenant against assignment without the consent of lessor, with a provision for re-entry in the event of a breach thereof. These provisions were in no way rescinded or affected by the provisions of the supplemental agreements. The provision in the later agreements that 'this agreement shall inure to and * * * bind the heirs, executors, administrators, successors, and assigns of the several parties,' was not effectual to make any change in this regard. Consent of the lessor was still essential to any assignment which would be binding upon the lessor, and there could not be any 'assign' of the lessee in whose favor the provision would operate, except one who had become such by consent of or waiver by the lessor."

While the lease involved in the present case contained no stipulation against an assignment, yet it is prohibited by article 5489, R. S. 1911, unless consented to by the landlord, his agent, or attorney. Forrest v. Durnell, 26 S. W. 481, 86 Tex. 647. This statutory inhibition against an assignment becomes a part of and must be read into every lease, unless the terms thereof exclude the same. 6 R. C. L. 855; 9 Cyc. 582. As was said by the Supreme Court of California, there could be no "legal assigns" except assignees who became such by consent of the lessor.

[2] As to the second assumption, we need not inquire whether appellants under their lease had the right to occupy and use the first floor for any lawful purpose, for the evidence establishes conclusively that they abandoned the purpose of occupying it for any purpose themselves, or by a corporation to be organized by them, and refused to enter into possession, assigned the lease to the Wright-Herring Motor Company, and insisted upon appellee assenting to the assignment and occupancy of said company. So far as concerns such right of their assignee, it had no right of any kind except by consent of appellee.

However, we do not assent to the view that the covenant in the lease to the telephone company gave it any right of control or interference with the use and occupancy of the first floor by a tenant or an assignee of the tenant. Had a use been made of the first floor contrary to the covenant, there would simply have been a breach thereof, for which an action would lie by the telephone company against Eddleman.

[3] Appellants excepted "to the submission of issue No. 1 and to that part in parenthesis, 'other than those excepted in the lease between the plaintiff and the Southwestern Bell Telephone Company,' for that there is no evidence showing or tending to show that the defendants had any notice or knowledge of the exceptions mentioned in said lease at the time they entered into the contract with the plaintiff, and no such exceptions were incorporated in the contract between the plaintiff and defendants."

While the question has never been directly passed upon by the Supreme Court, it has been several times held by the Courts of Civil Appeals that, upon abandonment of the demised premises by the tenant in violation of his contract, the landlord is not required to relet the premises for the protection of the tenant, but, at his option, the landlord may suffer the premises to remain vacant and recover of the tenant the rent agreed to be paid. Miller & Bro. v. Nigro (Tex. Civ. App.) 230 S. W. 511; Racke v. Brewing Ass'n, 42 S. W. 774, 17 Tex. Civ. App. 167; Goldman v. Broyles (Tex. Civ. App.) 141 S. W. 283; Davidson v. Hirsch, 101 S. W. 269, 45 Tex. Civ. App. 631; Apex Co. v. Grant (Tex. Civ. App.) 276 S. W. 445; Ogus, etc., v. Foley Bros. D. G. Co. (Tex. Civ. App.) 241 S. W. 267.

In the case last cited a writ of error was granted, and upon recommendation of the Commission of Appeals, the judgments of the lower courts were modified (252 S. W. 1048), but the modification did not affect the ruling that the landlord is under no obligation to relet upon abandonment of the premises by the tenant. In any event, we do not think appellee was under any obligation to relet the first floor for a use which would breach the covenant which he had made with the telephone company and the exception to the first issue was without merit. Apex Co. v. Grant, supra.

[4] It is asserted the finding in response to issue 3 is contrary to the evidence. If so, the matter presents no reversible error because the issue was immaterial.

The ruling upon evidence complained of in the second assignment and seventh proposition presents no error.

Affirmed.