**PENICK et al. v. EDDLEMAN.**
(No. 899—4649.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1927.)

1. **Landlord and tenant ⟷134(3)—Subletting premises for garage is subletting for lawful use.**

Subletting building for use as garage was subletting for a lawful use.

2. **Landlord and tenant ⟷75(3)—Clause making lease binding on legal assigns of parties imported unrestricted right of lessees to assign leasehold for lawful use.**

Where lease provided that agreement should be binding on parties thereto, their heirs, legal assigns, and executors, such clause imported unrestricted right on part of lessees to assign leasehold for any lawful use.

3. **Landlord and tenant ⟷209—Landlord's refusal to allow sublessee to go into possession, where lessees had right to assign, relieved lessees of obligation to pay rent.**

Where lessor had by terms of lease conferred on lessees right to assign lease, his refusal to allow sublessee to go into possession of premises and occupy same under lease contract relieved lessees of obligation to pay rent.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by J. D. Eddleman against R. L. Penick and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (283 S. W. 300), and defendants bring error. Reversed and rendered.

Stinson, Coombes & Brooks, of Abilene, and Chas. L. Black, of Austin, for plaintiffs in error.

Patterson & Grantham, of Cisco, Thomas & Pope, of Anson, and Roy L. Duke, of Abilene, for defendant in error.

HARVEY, P. J. This is a suit brought by J. D. Eddleman, the defendant in error, against R. L. Penick and R. L. Haynie, the

plaintiffs in error, to recover the sum of $15,-000 rent. Judgment was rendered for Eddlemen. Penick and Haynie appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 283 S. W. 300.

So far as necessary to state them here, the facts are as follows: On March 20, 1920, Eddleman leased to Penick and Haynie the lower story of a certain two-story building in the city of Cisco, which building was in process of erection. The lease contract is in writing, and by its terms the lease was to run for three years from date of completion of the building, with option in lessees to extend the term to five years. By a covenant in the lease contract, Penick and Haynie promised and agreed to pay to Eddleman, as rent for the leased premises, the sum of $5,000 per annum. The contract contained other stipulations relative to repairs, surrender of the premises at expiration of the lease period, etc:, not necessary to be set out here. The terms of the lease contract impose no restrictions as to the purposes for which the premises were to be used by the lessees. The concluding clause of the contract reads as follows: "This agreement shall be binding on the parties hereto, their heirs, legal assigns, and executors."

[1] The evidence is undisputed that, prior to the completion of the building, Penick and Haynie assigned the full term of the lease to Wright Herring Motor Company, who intended to use the leased premises as a garage. Upon completion of the building, the said motor company demanded of Eddleman that it be let into possession of the leased premises under the lease contract. This demand was refused by Eddleman for the reason the motor company, if let into possession, was going to use the premises as a garage. Such a use would have been lawful. The motor company was not allowed by Eddleman to occupy the leased premises any time during the lease period; and the premises remained unoccupied until the expiration of the lease term, when Eddleman brought this suit against Penick and Haynie on their rent covenant.

[2] The language of the concluding clause of the lease contract, which has been quoted, is such as to imply the consent of Eddleman to the assignment of the leasehold by the lessees. Construed in the light of the context of the rest of the contract as written, this clause, in making the terms of the contract binding on the "legal assigns" of the parties, imports an unrestricted right on the part of the lessees to assign the leasehold for any lawful use. West v. Backus, 97 Or. 116, 189 P. 645; Johnson v. Morton, 28 Tex. Civ. App. 296, 67 S. W. 790; Teague v. Sowder, 121 Tenn. 132, 114 S. W. 484; U. S. v. Hammers, 221 U. S. 220, 31 S. Ct. 593, 55 L. Ed. 710; McRee v. Means, 34 Ala. 349; Fred v. Moseley (Tex. Civ. App.) 146 S. W. 343.

[3] Eddleman; by the terms of the lease contract having conferred on the lessees the right to assign the lease, could not refuse to let their assignee into possession of the leased premises, and at the same time hold the lessees to their express covenant to pay rent therefor. His refusal to allow the motor company to go into possession of the premises, and occupy same under the lease contract, operates to relieve Penick and Haynie of their obligation to pay rent. Garner v. Byard, 23 Ga. 289, 68 Am. Dec. 527; 36 Corpus Juris, 307.

Inasmuch as the facts material to the conclusion we have announced are undisputed, and the Court of Civil Appeals has found such facts to be true, we recommend that the judgment of that court and the judgment of the trial court be reversed, and that judgment be here rendered for the plaintiffs in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgments rendered for plaintiffs in error.