## DILLINGHAM v. WILLIAMS et al.
### No. 4178.

Court of Civil Appeals of Texas. El Paso.
Feb. 12, 1942.

Rehearing Denied March 12, 1942.

Writ of Error Refused by Supreme Court
May 6, 1942.

McMahon, Springer & Smart, of Abilene, for appellant.

Johnson & Crumpton, of Fort Stockton, for appellee Williams.

A. T. Folson, of Wink, for appellee Heywood.

SUTTON, Justice.

This is an appeal from the District Court of Crane County.

The suit in the main is one between landlord and tenant. June 13, 1938, Clayton W. Williams leased to O. D. Dillingham Lots 13, 14, 15 and 16, in Block 42, Original Town of Crane, Crane County, Texas. There was situated on said lots an ice plant and equipment. The lease by its terms would expire December 31, 1942.

January 31, 1941, Clayton W. Williams, while W. L. Nabors, who was in immediate charge and possession of the premises, was temporarily absent from the plant, appeared with workmen and took over the plant. The old locks were removed and new ones installed. This occurred in the forenoon. At 3 P.M. on the same date a warranty deed to the property from Williams to H. H. Heywood was filed for record. About one week later Williams filed a suit in the District Court of Crane County against Dillingham to cancel out the lease and to recover rent and damages. This suit was No. 625 on the docket of the court. Dillingham filed a suit in the same court styled O. D. Dillingham v. Clayton W. Williams and H. H. Heywood, No. 626. On motion of Dillingham the suits were consolidated and tried under No. 626 and styled O. D. Dillingham v. Clayton W. Williams et al. All parties amended their pleadings. The case was submitted to a jury and on the verdict of the jury judgment was rendered in favor of Williams and Heywood. From that judgment Dillingham has appealed.

Dillingham's amended petition is in the nature of two counts. The first is the statutory action of trespass to try title; in the second he alleges an unlawful ouster on January 31, 1941, and sought the recovery of various items of damages.

Williams and Heywood answered with a general exception, various special exceptions, special answers and a cross action. It was alleged in the cross action Dillingham failed to pay the rents when due; that he failed to make certain repairs and improvements as stipulated in the lease contract; that he permitted certain wastes of the premises and removed therefom certain items of personal property, such as motors, a water softener, refrigerator units, milk and ice cream vault, etc.; Heywood alleged he had bought from Williams, the record owner, and without notice of Dillingham's claims. In a trial amendment Williams pleaded a subletting of the premises by Dillingham to W. L. Nabors, and for this as well as the other claimed violations of the lease contract he sought to cancel out the lease and recover the premises. There are no questions presented here on the pleadings.

The trial court reached the conclusion the evidence established as a matter of law an unlawful subletting of the premises

and a forfeiture of the lease. The items of damage claimed by Williams for the conversion of various items of personal property were submitted to the jury.

Dillingham has briefed twenty points. Willams has four counter-points and Heywood nine. We think two questions decisive of this appeal and that the case must be reversed and remanded in part and rendered in part.

The lease contract contained this provision:

"I, Clayton Williams, party of the second part, hereby agree to lease and demise unto said O. D. Dillingham, his heirs and assigns, and party of the first part, for a period of four years, five months and fifteen days, beginning June 15th, 1938, and ending December 31, 1942,

"1 15-ton ice plant, including buildings and equipment * * *.

"Buildings and equipment being located on Lots 13, 14, 15 and 16, Block 42, Original Town to the City of Crane, of Crane County, Texas."

The rental provided in the contract was:

"Cash consideration in the amount of $500.00, payable $100.00 on the first of January, 1939, and $100.00 each year until the expiration of the lease and the balance to be paid in a lump sum or a total of $500.00.

"For and in consideration of the above and the performance of the said party of the second part, I, O. D. Dillingham, party of the first part, hereby agree to as follows and within 12 months of the above term of lease, repair ice storage vault, relining same, and such other repairs as may be needed on such vault as may be necessary in the judgment of the party of the first part; to repair tank top; repair cooling tower, repair north side of roof on building; repair front dock, furnish new condensors, installing same; to furnish scoring machine that is now located at Odessa Ice Plant, to furnish and install one dip tank."

It is evident, about which we believe there is no question, the improvements and installations provided in the contract to be made on the premises were a part of the rents or consideration for the use of the leased premises.

The contract contained no forfeiture provision for failure to pay rents or to

526

make the improvements and repairs provided for in the contract. In the absence of a forfeiture provision the right to forfeit and re-enter will not lie for the failure to pay the rents. The remedy is for damages. Ewing et al. v. Miles, 12 Tex.Civ.App. 19, 33 S.W. 235, writ refused; Wade v. Madison, Tex.Civ.App., 206 S.W. 118; Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464, at page 467.

▮ The lease contract by its express provisions, as above quoted, authorizes an assignment. Penick v. Eddleman, Tex. Com.App., 291 S.W. 194; Harris v. Goodloe et al., Tex.Civ.App., 58 S.W.2d 156, expressly approved by Goodloe & Meredith v. Harris, 127 Tex. 583, 94 S.W.2d 1141, 1144. The provisions of Art. 5237, R.C.S. 1925, apply to either an assignment or subletting. Gulf, C. & S. F. R. Co. v. Settegast, 79 Tex. 256, 15 S.W. 228; Forrest v. Durnell, 86 Tex. 647, 26 S.W. 481. A consent to sublet includes the consent to assign. Menger v. Ward, Tex.Civ.App., 28 S.W. 821, at page 824, bottom second column. Likewise, we think the consent to assign authorizes a subletting. It is the consent only the statute requires. This is the clear import of the language used by Judge Gaines in Gulf, C. & S. F. R. Co. v. Settegast, 15 S.W. at page 230, supra, wherein he said: "The language employed in this article leads us to the conclusion that the person who framed it did not have in mind the technical distinction between an assignment and an under-lease, and that it was not the intention to prohibit the one and to allow the other." It becomes unnecessary to pass upon the questions raised on the evidence as to whether or not Nabors was a subtenant or sublessee of Dillingham. However, we have grave doubts as to the sufficiency of the evidence to raise the issue.

We think it clear Williams had no right of forfeiture and re-entry.

▮ The lease contract between Williams and Dillingham was of record. Aside from the record of the contract Heywood had actual knowledge of the relation existing between Williams and Dillingham. Sometime prior to the re-entry Williams had notified Heywood he thought he would have to take the property back and requested him to meet him (Williams) in Crane on January 31, 1941.

It follows, therefore, the trial court was in error in rendering judgment for Williams and Heywood for the possession of the leased land and premises. The judgment in favor of Williams and Heywood for the possession of the premises is reversed and here rendered in favor of Dillingham for the possession of the leased premises; in all other respects it is reversed and remanded for a new trial.

WALTHALL, J., not participating.