## ROMUND v. GINZEL.

### No. 3111.

Court of Civil Appeals of Texas.
Waco.

June 25, 1953.

Stewart, Burgess & Morris and John C. Harris, Jr., Houston, and E. A. Berry, Jr., Madisonville, for appellant.

Webb & McLaran and Milton M. Brownlee, Madisonville, for appellee.

McDONALD, Chief Justice.

This is a suit to remove cloud from title and for specific performance of a contract

for the sale of 458 acres of land, brought by Ginzel against Romund and Schumacher. Schumacher was owner of the land and on September 21, 1948 entered into a contract with Ginzel and one Rek, whereby he leased the land to Ginzel and Rek for a three year period commencing on November 1, 1948, and which lease contract provided that the lessees had the option to purchase the premises during the final 60 days of the lease agreement, for a consideration of $14,160, payable as follows: $2000 in cash, assumption of any existing Federal Land Bank loan, and payment of the balance at $100 per month with 6% interest. The contract further specifically provided: "*This option and agreement to sell shall be binding upon the parties hereto, their heirs and assigns and legal representatives.*"

Thereafter, on October 19, 1948 Schumacher conveyed the land to Romund by warranty deed.

Ginzel and Rek went into possession of the land under the lease and continued to operate under it in keeping with its terms until September 10, 1951, when Rek conveyed and assigned his interest in the lease to Ginzel. Ginzel continued to operate under the lease, and within the final 60 days of the lease notified Romund that he was availing himself of the option to purchase the land. Thereafter Ginzel tendered the $2,000 cash to Romund and offered to comply with all other terms of the option. Romund refused to accept the cash payment and refused to execute the deed to the property. Thereafter Romund told Ginzel that he would go through with the contract provided Ginzel would pay him all cash, and thereafter Ginzel tendered $14,160 to Romund for the property but Romund refused to execute a deed. Ginzel, in anticipation of exercising his option and becoming owner of the land in question, spent some $3,500 in improvements on the place.

After Romund refused to convey the lands in keeping with the terms of the option agreement Ginzel filed suit. Trial was to a jury, which, in answer to special issues, found:

1) That during the final 60 days of the lease contract between Schumacher, and Ginzel and Rek, Ginzel gave notice in writing to Romund of his intention to exercise the option given therein to purchase the land in controversy.

2) That Ginzel tendered the sum of $2000 in cash to Romund and agreed to assume any existing Federal Land Bank loan and to pay the balance in keeping with the terms of the option contained in the lease contract.

3) That prior to the time Schumacher conveyed the land in controversy to Romund, Romund had actual notice of the option held in the lease contract by Ginzel.

The trial court overruled Romund's motion for judgment non obstante veredicto and rendered judgment in favor of Ginzel for title and possession of the land in controversy, for removal of cloud from his title to the land, and for specific performance of his option to purchase the land. Romund filed motion for new trial, which was overruled by the court, and Romund as appellant appeals to this court on 12 points, but which present only three basic contentions:

1) That the deeds from Schumacher to Romund were not admissible in evidence because they were neither original copies nor properly certified copies. This contention we overrule. While it is true that the Clerk's certificate on these copies apparently omitted one typewritten line therefrom, the Clerk personally testified that the instruments were true and correct copies of instruments actually on record in the County Clerk's office. Further, the appellee, the following day of trial, sought to introduce copies of the instruments in question to which there was affixed a proper certificate. The trial court sustained the objection of the appellant to the introduction of these instruments on the ground that they had been properly admitted and proved up theretofore.

2) That no proper tender was ever made by Ginzel to Romund of the $2000 down payment which it was necessary to make in order to avail himself of the option to purchase contained in the lease and

option contract. The trial court found that a valid tender was made, and it is our view that the evidence amply supports this finding.

 3) That the option to purchase was extended to Ginzel and Rek and that all efforts to avail of the option to purchase the land being made by Ginzel alone, was not compliance with the terms of the lease option contract. In this connection the appellant contends that an option to purchase, where the privilege to purchase is partly on a credit, is not assignable. Appellant cites the case of Menger v. Ward, 87 Tex. 622, 30 S.W. 853. That case is authority for the proposition that rights arising out of contract cannot be transferred if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided. Payment of the consideration entirely in cash would take this case out of the doctrine of Menger v. Ward. Here Ginzel tendered the full consideration of $14,160 in cash to Romund prior to filing this suit. Romund refused to accept the consideration in cash and refused to execute a deed. Further, in the case at bar, the lease and option contract was specifically assignable by its own terms. In fact, the concluding sentence of the paragraph in the lease option contract, which provides for the option to purchase, reads as follows: *"This option and agreement to sell shall be binding upon the parties hereto, their heirs and assigns and legal representatives."* This makes it very clear that it was the intention of the parties that this particular lease and option contract was assignable, and that the option and agreement to sell should be binding not only upon the parties to the original agreement but upon their heirs, assigns and legal representatives. Since that was their contract, and since Romund had notice of the existence of this contract when he purchased the property in question, the provisions of this contract are binding upon Romund. This court has no option but to enforce the terms of the contract as hereinabove set out. The testimony of Romund himself gives absolutely no reason recognized at law as to why he should not comply with the contract. In his own words, he stated that he would not sign the deed "simply because I want the farm."

 Further to all that has been said, Romund permitted Ginzel to remain on the premises and to make valuable improvements, with the knowledge that Ginzel had an option to purchase the property and with the knowledge that Ginzel intended to exercise this option and purchase the property. Under these circumstances, Ginzel became the fee owner of the land, subject only to the payment of the consideration. See 43 Tex.Jur. p. 56.

All of appellant's points are overruled and the judgment of the trial court is affirmed.