J. C. SHOCKEY et al., Appellants,

v.

William Louis PAGE et al., Appellees.

No. 3622.

Court of Civil Appeals of Texas.

Eastland.

Feb. 16, 1962.

Rehearing Denied March 9, 1962.

Cofer & Cofer, Austin, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellees.

COLLINGS, Justice.

Appeal from the 42nd District Court of Taylor County.

This suit was brought by William Louis Page and Mary Page Childress, joined by her husband, Robert B. Childress, against J. C. Shockey and J. W. Rice as original makers of an installment deed of trust note and against Hollis B. Moore and wife whom plaintiffs alleged had assumed said indebtedness. Plaintiffs sought judgment for the deficiency claimed to be due after a sale under the deed of trust of real estate situated in Knox County. Defendants Rice and Shockey admitted the execution of the note but alleged they had been released from liability and, that in any event plaintiffs are now estopped to assert any claim against them thereon. Based upon a jury verdict judgment was rendered against the named defendants for the sum of $14,949.00, together with interest and attorneys fees. J. W. Rice and J. C. Shockey have appealed.

The evidence shows that on February 20, 1951, Rice and Shockey executed and delivered to Carl P. Springer, independent executor of the estate of Daisy D. Page, deceased, a promissory note in the sum of $28,000.00 bearing 5% interest from date to maturity and 10% on past due principal and interest. The principal was payable in annual installments of $2500.00. As security for the note Rice and Shockey executed a Chattel Mortgage on certain personal property and executed and delivered to Carl P. Springer a deed of trust, covering the real estate involved.

By warranty deed dated February 15, 1953, Rice and Shockey conveyed the property described in the deed of trust to one Hollis B. Moore, who assumed payment of the unpaid balance of the note. On July 17, 1954, Moore and wife conveyed the property to S. W. Bryan and wife, Ollie Bryan, who took subject to the indebtedness and lien.

On or about June 3, 1955, Carl P. Springer died and the independent administration upon the estate of Daisy D. Page ceased. Title to the note and all liens securing same thereupon vested in appellees, William Louis Page and Mary Page Childress, devisees under the will of Daisy D. Page.

Principal payments in the amount of $6,000.00 were made upon the note. On February 15, 1959, the note was in default and there was then due the principal sum of $22,000.00 plus accrued interest. Appellees elected to accelerate the unpaid balance, and on June 2, 1959, sold the real estate at a trustee's sale under the deed of trust for $8,000.00. The personal property covered by the Chattel Mortgage was sold for $1,000.00. Expenses of the sales were $1,290.65. Applying the remaining receipts from the sales to the note, a balance remained of $14,949.00, plus interest at the rate of 10% per annum from June 2, 1959.

The case was tried before a jury which found that (1) Carl P. Springer, independent executor, did not unconditionally accept the assumption of the note by H. E Moore for the balance of $26,000.00, (2) that Springer did not, upon the assumption by Moore agree with Rice to release Rice and Shockey from further liability, (3) that Springer did not agree with Moore to extend the $2500.00 payment due February 20, 1954, (4) that Springer, prior to his death, and appellees after the death of Springer, did not by their acts, conduct or silence lead Rice and Shockey to believe they would

no longer be looked to for payment of the note, (5) that Rice and Shockey did not rely on the acts, conduct or silence of Springer or appellees to the extent that they, in good faith, believed that they would no longer be looked to for payment of the note, and (6) that Rice and Shockey were not, because of any act, conduct or silence of Springer and appellees prevented from acting at some time before the trustees sale to protect themselves from financial loss in connection with said transaction.

Appellants contend in their 1, 4, 5, 7 and 8th points that the court erred in submitting to the jury Special Issues 1 through 6 or any of them and erred in refusing their motion for an instructed verdict, because the undisputed evidence and the overwhelming weight of the evidence show that the appellants Rice and Shockey were released from liability on the note because of the assumption thereof by H. E. Moore and the acts of Carl P. Springer, independent executor, and Alton Ward and S. W. Bryan. These points are not well taken.

■ Appellants contend that the undisputed evidence shows that Mr. Springer agreed that if Mr. Rice found some one capable of operating the plant and paying off the Page estate, it would be agreeable for appellants Rice and Shockey to sell the property; that Mr. Rice found prospective purchasers, Hollis B. Moore and wife who were people of good reputation, and told Mr. Springer that he had made a deal with the Moores to purchase the property; that Mr. Rice then agreed to pay two interest installments and $2,000.00 on the principal which would reduce the balance of the note indebtedness to $26,000.00; that Mr. Rice and Mr. Shockey thereupon sold the plant to the Moores who assumed payment of the note, and Mr. Springer agreed to the release of Rice and Shockey. Appellants also contend that their conveyance of the land to Moore and his assumption of the indebtedness converted appellants to sureties and that appellants were released from liability because Mr. Springer permitted or agreed

for Moore to delay payments on the note for more than a year without their knowledge or consent. We cannot agree with these contentions. See Tenison v. Knapp, Tex.Civ.App., 64 S.W.2d 1071 (Ref.). It is undisputed that Moore assumed payment of the balance due on the note. Upon the assumption by Moore, however, Rice and Shockey did not thereby become mere sureties and they were not released from liability as principal obligors. There was no unconditional acceptance of Moore as the sole principal obligor by the holder of the indebtedness nor was there any agreement to release the original obligors. Dansby v. Stroud, Tex.Civ.App., 48 S.W. 2d 1018 (Ref.); Kiel v. Staber, Tex.Civ. App., 116 S.W.2d 809 (Ref.); Caraway v. Fowler, 267 S.W. 672 (Com.).

■ The claimed acceptance and agreement to release was by Carl Springer, independent executor of the estate which estate was the holder of the indebtedness involved. Even if it should be assumed that Springer had authority to unconditionally accept Moore as the only principal obligor and to release Rice and Shockey, the jury has found that Springer did not so agree. It is appellants' contention, in effect, that the court erred in submitting the issues concerning an unconditional acceptance by Springer and an agreement by him to release Rice and Shockey because the evidence conclusively shows that Springer did unconditionally accept Moore as the principal obligor and did agree that Rice and Shockey should be released as principal obligors. The evidence does not conclusively show these facts.

■ The undisputed evidence relied upon by appellants to conclusively establish their release on this theory was the testimony of appellant Rice. Mr. Rice was an interested witness. The general rule is that the undisputed testimony of an interested witness does not conclusively establish the existence of a fact to which he testifies. Mills v. Mills, 228 S.W. 919 (Com.); Simmonds v. St. Louis, B. & M. Ry. Co.,

127 Tex. 23, 91 S.W.2d 332 (Com.). Although there are exceptions to the general rule, no exception was here shown to exist. The testimony of Mr. Rice was not clear, positive with no circumstances in evidence tending to discredit or impeach it, nor was his testimony corroborated by other witnesses or by opposite parties who had means of disproving the testimony and failed to do so. See Owen Development Company v. Calvert, 157 Tex. 212, 302 S.W.2d 640; Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931; McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (Com.). Mr. Rice's testimony concerned a claimed transaction with Carl Springer who was deceased at the time of the trial and could not reply. Letters between Mr. Rice and Carl Springer in connection with the transaction indicate that Mr. Moore had assumed the indebtedness but did not indicate and certainly did not conclusively show an intention on the part of Mr. Springer to accept Moore as the only principal obligor on the note or to release Rice and Shockey from liability. Mr. Rice was a man of substantial means. Carl Springer was an experienced lawyer, and as independent executor was acting in a fiduciary capacity. He, in effect, so advised Mr. Shockey in one of the letters in evidence. The circumstances tend to render improbable rather than to corroborate the testimony of the interested witness, Mr. Rice.

In other points appellants contend that the court erred in refusing to submit to the jury their defensive issue inquiring whether or not plaintiffs agreed with S. W. Bryan and Alton S. Ward that plaintiffs would extend the payment of the principal on the note involved, and accept the liability of Mr. Ward, and Ward agreed to pay one payment of $1,500.00 on or about February 15th, 1959, and the balance of $1,600.-00 in four monthly installments of $700.00 each, March, April, May and June 1959.

The court did not err in refusing to submit the above requested special issue.

The issue was duplicitous and its submission would have been improper. Rules 277, 279, Texas Rules of Civil Procedure. Even if it had been submitted and answered in the affirmative by the jury, it would not have supported a judgment, either alone or in connection with any other issues submitted or requested. Appellants remained principal obligors on the note. The fact that Ward assumed the indebtedness and that appellants extended the time of payment would not relieve appellants of their obligation.

Contrary to appellant's contention undisputed evidence does not show facts contrary to those found by the jury which are the basis of this judgment. Appellant's points are all overruled. The judgment of the trial court is affirmed.

WALTER, J., disqualified and not sitting.