ZALE CORPORATION, Appellant,

v.

DECORAMA, INC., Appellee.

No. 5059.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1971.

Rehearing Denied Sept. 16, 1971.

Stalcup, Johnson, Lipshy & Williams, (Robert L. Meyers III), Dallas, for appellant.

Howard E. Moore, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Zale from a judgment requiring Zale to convey real estate in Dallas County to appellee Decorama, and involves the assignability of an option to purchase such real estate.

Williams and Spencer owned the property here involved, and on April 23, 1965 leased the property to Omark Industries, Inc., for a period of five years beginning on August 1, 1965. Such lease provided "if the premises were not ready for occupancy on such date the term of this lease shall commence and take effect and rent shall be payable by Tenant from the time they are ready for occupancy", and that "Tenant may without consent of the Landlord assign this lease * * *".

On April 30, 1965 Williams and Spencer gave Omark an option to purchase such property. Such option referred to the April 23, 1965 lease of the property to Omark, and provided: "Owners hereby grant unto Tenant, their personal representatives, successors and assigns or to anyone or more of them, an Option to Purchase the leased property for the sum of $108,760., payable all in cash unless the Tenant assumes the unpaid balance of any loan or loans that may exist at the time this option is exercised."

The option further provides "the option shall be subject to exercise during the sixtieth month of the lease providing full notice is given to the owners through Echols and Lynn Company, agents for the owners no later than six months prior to the sixtieth month of said lease."

Pursuant to the lease of April 23, 1965 Omark wrote Williams and Spencer a letter on October 13, 1965, acknowledging that the premises had been completed in accordance with the plans and specifications and that Omark accepted the leased premises "effective as of September 20, 1965 and agrees that the rent shall begin on that date and that the lease shall be in full force and effect for a period of five years commencing on such date." Williams and Spencer endorsed their acceptance on such letter.

On April 4, 1967 Omark by an instrument called "Sublease Agreement" assigned the premises to Decorama, Inc. for the balance of its term "with the expiration date to be September 19, 1970", and further granted Decorama all of Omark's "rights and privileges to purchase said property as covered under an Option Agreement entered into April 30, 1965" between Williams and Spencer and Omark.

Thereafter on October 20, 1967 Williams and Spencer conveyed the property by general warranty deed, subject to mortgage lien, to Ben Lipshy, Trustee, and Lipshy conveyed the property to Zale in like manner on September 2, 1968.

Lipshy was President of Zale and at the time of the conveyance to him by Williams and Spencer, had knowledge of the option agreement and its terms.

On January 30, 1970 Decorama notified Lipshy, Zale, Echols and Lynn, and Williams and Spencer of its intention to exercise its right to purchase the property described in the lease in accordance with the terms of the option agreement.

Zale denied the validity of the option, refused to convey the property, and Decor-ama filed this case seeking specific performance of the option contract requiring Zale to convey the real estate to it in accordance with the terms of the option.

Trial was before the Court, which after hearing entered judgment for Decorama, requiring Zale to convey the property to Decorama in accordance with the terms of the option.

Zale appeals on 11 points contending:

1) Decorama was not a party with the right to exercise the option.

2) Decorama's purported exercise of the option was not timely.

3) Decorama's notice of exercise of the option was not directed to the proper party.

4) Decorama's tendered performance was not in accordance with the terms of the option, as it required all persons other than the original "Tenant", who attempted to exercise the option to do so only by payment of cash.

We revert to contentions 1, 2 and 3.

 The general rule is that all contracts are assignable. Central Power and Light Co. v. Purvis, Tex.Civ.App., Er.Ref., 67 S.W.2d 1086; Dittman v. Model Baking Co., Tex.Com.App. Adopted S.Ct., 271 S. W. 75. An exception to this rule is that a contract providing for credit between the parties is not assignable. Southern Community Gas Co. v. Houston Nat. Gas Corp., Tex.Civ.App., Er.Ref., 197 S.W.2d 488; Menger v. Ward, 87 Tex. 622, 30 S.W. 853; Kinman v. Howard, Tex.Civ.App., NWH, 465 S.W.2d 400. But a contract which is specifically assignable by its own terms, can be assigned. Romund v. Ginzel, Tex.Civ.App., NWH, 259 S.W.2d 619.

In the case at bar, Williams and Spencer, owners of the property here involved, made a five year lease of the property to Omark. The lease itself provided "Tenant may without consent of the Landlord assign this lease * * *". By contempora-

neous contract Williams and Spencer granted Omark an option to purchase the property. This option contract granted unto "Tenant" and "assigns" the option to purchase the property for $108,760. payable in cash "unless the Tenant assumes the unpaid balance of any loan or loans that may exist at the time this option is exercised".

Thereafter Omark transferred its rights to Decorama, by instrument called a "sublease", but which granted all "rights, privileges * * *" to the property to Decorama, and further granted to Decorama all Omark's rights to purchase the property under the option from Williams and Spencer to Omark.

■ Subsequent to the above, Zale purchased the property from Williams and Spencer with both knowledge of the option, and with knowledge that Decorama was in possession of the property. Possession of the property by a tenant at the time premises are conveyed puts the vendee on notice of the terms under which the tenant is holding, and this notwithstanding such is not of record. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232.

■■ Zale thus took the property subject to whatever rights Decorama had. Since the lease from Williams and Spencer was by its own terms assignable; and the option to purchase from Williams and Spencer to Omark, was by its own terms assignable; and since Omark did assign such lease and option to Decorama, Decorama is a party with right to exercise the option.

■ The lease to Omark provided it would commence on August 1, 1965 unless the premises were not ready for occupancy. The agreement between Williams and Spencer and Omark revised the effective date of the lease to September 20, 1965. Such lease would thus expire on September 19, 1970. Decorama exercised its option on January 30, 1970, which was within six months prior to the expiration of the lease, as provided by the lease. See: E. I. DuPont de Nemours & Co. v. Zale, Tex.Civ. App., NRE, 462 S.W.2d 355. The option was timely exercised.

The option to purchase provided notice be given the owners (then Williams and Spencer) through Echols & Lynn, their agents. Decorama gave notice of intention to exercise the option to Zale, Lipshy, Echols & Lynn, and Williams and Spencer. Notice was given and actually received by the proper party in accordance with the terms of the option.

Zale's contentions 1, 2, and 3 are overruled.

■ Zale's 4th contention asserts all persons other than the original Tenant were required to pay cash in order to exercise the option. Decorama tendered $43,-000. in cash and offered to assume the balance of the lien against the property (which amounts to the $108,760. purchase price provided for in the option). Omark had the option to purchase the property by assumption of the lien and payment of the balance in cash. Omark had the right to assign such option, thus the assignee Decorama stands with the same rights as Omark.

■ In any event since Zale purchased the property from Williams and Spencer "Subject to indebtedness", the rule that a contract which provides for credit between the parties is not assignable, has no application here.

All of Zale's points and contentions are overruled.

Affirmed.