ACCEPTED
03-14-00658-CV
4185163
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 6:39:01 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00658-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/17/2015 6:39:01 PM
JEFFREY D. KYLE
Clerk

# In the Court of Appeals
# For the Third Judicial District
# Austin, Texas

**ROBYN N. JONES,**

**Appellant,**

**v.**

**WELLS FARGO BANK, N.A.**

**Appellee.**

**On Appeal from the 428th Judicial District Court,
Cause No. 11-0479**

**APPELLANT'S REPLY BRIEF**

> **RAY & WOOD**
> **Doug W. Ray**
> **State Bar No. 16599200**
> **2700 Bee Caves Road**
> **Austin, Texas 78746**
> **(512) 328-8877 (Telephone)**
> **(512) 328-1156 (Telecopier)**
> **dray@raywoodlaw.com**
> **ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

Index of Authorities ........................................................ ii

Summary of the Argument ............................................... 1

Argument ...................................................................... 2

    I. Jones Assumed the Mortgage Note Assigned to Her
       and Became a Borrower Under the Note ................... 2

    II. Jones is Entitled to Judgment on Her Declaratory
       Claim ....................................................................... 12

Prayer .......................................................................... 13

Appellate Rule 9.4(i)(3) Certificate of Compliance ......... 14

Certificate of Service .................................................... 14

# INDEX OF AUTHORITIES

**Cases**

*City of Baird v. W. Tex. Utilities Co.,*
174 S.W.2d 649 (Tex. Civ. App.—Eastland 1943, writ ref'd)......................5, 6

*Dillingham v. Williams,*
165 S.W.2d 524 (Tex. Civ. App.—El Paso 1942, writ ref'd w.o.m.)..............7

*Goodloe & Meredith v. Harris,*
127 Tex. 583, 94 S.W.2d 1141 (1936)......................................................5

*Harris v. Goodloe,*
58 S.W.2d 156(Tex. Civ. App.—Eastland 1933) ..................................4

*Helge v. Am. Cent. Life Ins. Co.,*
124 S.W.2d 191 (Tex. Civ. App.— Austin 1938,
writ dism'd judgm't cor.) ...............................................................3

*In re FH Partners, L.L.C.,*
335 S.W.3d 752 (Tex. App.— Austin 2011, no pet.)..............................4, 10

*Jackson v. Thweatt,*
883 S.W.2d 171 (Tex. 1994)............................................................11

*La-Rey, Inc. v. Kowalski,*
433 S.W.2d 530 (Tex. Civ. App.— San Antonio 1968, no writ) ..................3

*Monroe v. Salter,*
No. 05-94-01560-CV, 1995 WL 447549 (Tex. App.—
Dallas Jul. 27, 1995, no writ)..........................................................3

*Penick v. Eddleman,*
283 S.W. 300 (Tex. Civ. App.—El Paso 1926)....................................6

*Penick v. Eddleman,*
291 S.W. 194 (Tex. Comm'n App. 1927, judgm't adopted) ......................7

*Pinckney v. Wylie*,
  86 F.2d 541 (5th Cir. 1936) ...........................................................................3

*Romund v. Ginzel*,
  259 S.W.2d 619 (Tex. Civ. App.— Waco 1953, no writ)..........................8, 9

*Seagull Energy E & P, Inc. v. Eland Energy, Inc.*,
  207 S.W.3d 342 (Tex. 2006) .......................................................................12

*Shamel v. Specialized Loan Servicing, LLC*,
  No. 03-12-00691-CV,    2014 WL 4966330 (Tex. App.—
  Austin Oct. 2, 2014, no pet.)......................................................................11

*Shockey v. Page*,
  354 S.W.2d 698 (Tex. Civ. App.—Eastland 1962, writ ref'd n.r.e.) .............3

*Strauss v. Brooks*,
  148 S.W.2d 393 (Tex. 1941) ..........................................................................3

*Tennell v. Esteve Cotton Co.*,
  546 S.W.2d 346 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e). ...........12

*Texas Natural Res. Conservation Comm'n v. White*,
  46 S.W.3d 864 (Tex. 2001) ..........................................................................10

*Thompson v. Tropical Sav. & Loan Ass'n*,
  430 S.W.2d 426 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.).......3

*Yancy v. United Surgical Partners Intern., Inc.*,
  236 S.W.3d 778 (Tex. 2007) ..........................................................................5

*Zale Corp. v. Decorama, Inc.*,
  470 S.W.2d 406 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.) ...............4, 9

## SUMMARY OF THE ARGUMENT

On the promissory note at issue in this case ("the Note") it explicitly states that a "borrower" under the Note is anyone who signs it along with their successors and assigns. The deed of trust signed by Appellant Robyn N. Jones ("the Deed") also states that its provisions applies to the borrower's successors and assigns. In this case the divorce decree terminating Jones's marriage to her ex-husband assigned the debt on the Note to Jones, along with the property the proceeds of the Note was used to purchase and that the Deed secures. Under the terms of the documents at issues in this case, Jones is now a borrower and therefore entitled to a declaratory judgment that she is a principal obligor and borrower under the Note and Deed.

Texas law is clear that these contractual provisions for "assigns" provided the original borrower with the right to assign his rights and duties under the Note and Deed without any further consent from the lender. As the assignee of the original borrower's rights and obligations under these documents, Jones stands in the shoes of the original borrower with all of his rights and duties. Accordingly, she is also a principal obligor and borrower under the Note and the Deed.

1

## ARGUMENT

**I.** **JONES ASSUMED THE MORTGAGE NOTE ASSIGNED TO HER AND BECAME A BORROWER UNDER THE NOTE**

The question before this Court is whether under the terms of the Note executed by Jones's ex-husband and accepted by Wells Fargo's predecessor in interest, has Jones now become a co-borrower under that Note by assignment and therefore a borrower under the accompanying Deed as well. Jones does not dispute that she was originally not a party to the Note at issue and was a party to the Deed in a limited capacity, but contends that since she accepted the assignment to her of the obligation to pay the Note she is now a party to these instruments in the capacity of a joint borrower under the Note's express terms. Wells Fargo has cited to this Court nothing that precludes enforcing the plain language of the Note and Deed and thereby making Jones a borrower and a principal obligor.

Wells Fargo cites multiple cases to this Court for the proposition that in Texas a creditor need not accept a third party's assumption of the debt owed to that creditor. If a third party assumes the debt of the principal obligor, according to Wells Fargo the third party may become the principal obligor and the original obligor a surety, only if the creditor consents. *See,*

*e.g.*, *Pinckney v. Wylie*, 86 F.2d 541, 542 (5th Cir. 1936).[1]  However, in none of these cases cited by Wells Fargo did the court determine whether a party had become a borrower and principal obligor under a note or deed of trust by virtue of the terms of the documents themselves.  These cases, therefore, are not in point and do not answer the question before this Court.

On the salient point, Wells Fargo's argues that the language in the Note and Deed recognizing an assignment by the original borrower do not permit such an assignment without the lender's additional consent.  The cases cited by Wells Fargo, however, do not support its contention.  The relevant provisions in both the Note and the Deed allow the original borrower to assign his rights and obligations and the additional consent of the lender is unnecessary.

Although the "general rule under Texas law . . . is that all contracts are freely assignable," generally "a debtor cannot assign an extension of credit or delegate its duty to pay a creditor without the creditor's consent."

---

[1] As being in accord with the *Pinckney* case, Wells Fargo also cites *Strauss v. Brooks*, 148 S.W.2d 393, 396 (Tex. 1941); *Monroe v. Salter*, No. 05-94-01560-CV, 1995 WL 447549, at *5 (Tex. App.—Dallas Jul. 27, 1995, no writ); *La-Rey, Inc. v. Kowalski*, 433 S.W.2d 530, 533 (Tex. Civ. App.—San Antonio 1968, no writ); *Thompson v. Tropical Sav. & Loan Ass'n*, 430 S.W.2d 426, 428-29 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.); *Shockey v. Page*, 354 S.W.2d 698 (Tex. Civ. App.—Eastland 1962, writ ref'd n.r.e.); *Helge v. Am. Cent. Life Ins. Co.*, 124 S.W.2d 191, 193 (Tex. Civ. App.—Austin 1938, writ dism'd judgm't cor.).

*In re FH Partners, L.L.C.*, 335 S.W.3d 752, 761, 763 (Tex. App.—Austin 2011, no pet.). However, a credit "contract which is specifically assignable by its own terms, can be assigned." *Zale Corp. v. Decorama, Inc.*, 470 S.W.2d 406, 408 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.). The question in this case is whether the terms of the Note and Deed make them assignable by the original borrower without further consent by the lender. Wells Fargo contends that because the original borrower could not have assigned his rights and obligations in the Note and Deed under the common law, the references to assignment by the borrower in these documents are insufficient to allow the assignment to Jones. The case law in Texas says otherwise.

For example, in one case the "defendant made a written contract with [drillers] for the latter to drill a well on the land [and] the contract was assigned to plaintiffs" by the drillers. *Harris v. Goodloe*, 58 S.W.2d 156, 157 (Tex. Civ. App.—Eastland 1933), *rev'd sub nom. Goodloe & Meredith v. Harris*, 127 Tex. 583, 94 S.W.2d 1141 (1936). One question on appeal was whether the plaintiffs had a valid interest in enforcing this contract through the assignment. The contract at issue "provided that it 'shall be binding upon the parties hereto, their successors and *assigns*.'." *Id*. at 158 (emphasis in

4

original). The court of appeals held that even "[i]f . . . the contract was not assignable in the absence of this provision, as to which we need not stop to inquire, it was thus made so as an implied provision of the contract itself." *Id*. The Supreme Court, although reversing the court of appeal's judgment, specifically affirmed this holding as to the effect of the "assigns" clause in the contract. *Goodloe & Meredith v. Harris*, 127 Tex. 583, 588, 94 S.W.2d 1141, 1144 (1936) ("The Court of Civil Appeals correctly holds the contract was assignable.").

In a later opinion the Supreme Court considered whether the owner of a franchise granted by a city was assignable. The city granting the franchise had argued that the "the sale of the franchise was without the consent of the City . . . and was not assignable without its consent." *City of Baird v. W. Tex. Utilities Co.*, 174 S.W.2d 649, 651 (Tex. Civ. App.—Eastland 1943, writ ref'd).[2] The franchise was made to the company and "'its successors and assigns,'" and the Court concluded that these words "carried authority to the . . . Company to sell and transfer its property and

---

[2] "In cases decided after 1927, 'writ refused' denotes that the '[j]udgment of the court of civil appeals is correct,' with '[s]uch cases hav[ing] equal precedential value with the Texas Supreme Court's own opinions.'" *Yancy v. United Surgical Partners Intern., Inc.*, 236 S.W.3d 778, 786, n.6 (Tex. 2007) (citation omitted).

franchise . . . without further consent of the City at the time it was made." *Id*. at 653 ("[T]he words 'its successors and assigns' following . . . 'Company' in the franchise granted by the City . . . call for the application of the rule of law [that] a grant to a grantee or assigns has been held sufficient to authorize an assignment without further consent.'" (citation omitted)). Under these precedents, it is immaterial whether or not the contract at issue was assignable without consent, because an instrument specifically including a party's assigns or made applicable to a party's assigns carries with it the authority to assign the rights and obligations under the instrument without further consent of the other party.

For example, in *Penick v. Eddleman*, 283 S.W. 300, 302 (Tex. Civ. App.—El Paso 1926), *rev'd,* 291 S.W. 194 (Tex. Comm'n App. 1927, judgm't adopted), the court of appeals considered the assignability by the lessee of a lease agreement containing the provision that "'[t]his agreement shall be binding on the parties hereto, their heirs, legal assigns and executors.'" At that time, as now, Texas statutory law provided that "an assignment [of a lease agreement by a lessee] is prohibited . . . unless consented to by the landlord, his agent, or attorney. *Id*. The court of appeals adopted Wells Fargo's position, that the inclusion of "assigns" in the lease agreement did

not obviate the need for the lessee to obtain the landlord's additional approval for an assignment. The Commission on Appeals, however, disagreed and reversed, holding that this "language . . . is such as to imply the consent of [the landlord] to the assignment of the leasehold by the lessees [and] in making the terms of the contract binding on the 'legal assigns' of the parties, imports an unrestricted right on the part of the lessees to assign the leasehold for any lawful use." *Penick v. Eddleman*, 291 S.W. 194, 195 (Tex. Comm'n App. 1927, judgm't adopted).

Similarly, in *Dillingham v. Williams*, 165 S.W.2d 524, 525 (Tex. Civ. App.—El Paso 1942, writ ref'd w.o.m.), the court considered whether a lessee unlawfully sublet under a lease agreement when the agreement named as the contracting party the lessee and "'his heirs and assigns.'" The court acknowledged that the applicable "statute requires" the landlord's "consent to assign," but held that there had been no unlawful subletting. *Id*. It held so because the "assigns" language of the "lease contract by its express provisions . . . authorizes an assignment" and the landlord's "consent to assign" contained in the "assigns" provision of the lease also "authorizes a subletting." *Id*. Accordingly, by defining the lessee

as including his "assigns," the lease itself provided the necessary consent to assign required by the statute.

In *Romund v. Ginzel*, 259 S.W.2d 619, 621 (Tex. Civ. App.—Waco 1953, no writ) the defendant appealed a judgment finding that he had failed to honor an option contract to purchase his real property. The option contract had originally named two parties as the optionees and provided that they could purchase the property on credit by submitting payments over time. *Id*. at 620. The option contract provided that it was "'binding upon the parties hereto, their heirs and assigns'" and before the option expired one of the optionees assigned his interest in the option contract to the plaintiff. *Id*. The plaintiff thereafter offered to make the required down payment and monthly payments, which the defendant refused. The plaintiff then offered to pay the full amount in cash which the defendant also refused. *Id*. The defendant appealed a judgment against him finding that he had wrongfully refused to honor the option contract.

Among the defendant's arguments was that the option had to be exercised by both of the original optionees, because "an option to purchase, where the privilege to purchase is partly on a credit, is not assignable." *Id*. at 621. The court of appeals rejected this argument on two grounds. First,

8

it held that the plaintiff's second offer to purchase, being a full cash offer, took the option contract out of the common law rule against assignments of credit agreements by debtors. *Id.* In an alternative holding, the court of appeals further held that the "assigns" provision in the contract "makes it very clear that it was the intention of the parties that this particular lease and option contract was assignable, and that the option and agreement to sell should be binding not only upon the parties to the original agreement but upon their heirs, assigns and legal representatives." *Id.* This holding would apply equally to the "assigns" provisions in the Note and Deed in the case, making both assignable by the original borrower to Jones.

Wells Fargo, focusing solely on the first holding, argues that *Romund* is inapplicable, because it held that the full cash offer took the option contract out of the common law prohibition on assignment of debt contracts without the creditors consent. However, the court of appeal's decision rest upon two alternate holdings and the second is clearly applicable to the present case, because it held that the "assigns" provision of the option contract made it specifically assignable by its own terms, which also takes a credit contract out of the common law prohibition on a debtor's assignment of such contracts. *See, e.g.*, *Zale Corp*, 470 S.W.2d at 408

(holding that debtor may assign a credit contract without additional lender consent if the credit contract is "specifically assignable by its own terms"); *see also Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001) (holding that a court of appeal's decision on a particular ground may be based upon more than one holding and that the court of appeals may "rel[y] on both" holdings).

Wells Fargo also argues that this Court's decision in *In re FH Partners, L.L.C.*, 335 S.W.3d 752 (Tex. App.—Austin 2011, no pet.) forecloses any argument that the language in the Note and Deed authorized the original borrower to assign his rights and obligations under those instruments without additional lender consent. However, that case dealt exclusively with a creditor's common law right to assign a credit contract and did not look at the language of the agreement at issue, because that "Agreement contain[ed] no terms that explicitly either authorize or prohibit assignment." *Id*. Accordingly, the decision in *FH Partners* had no occasion to and did not render any opinion on whether or not a debtor could assign his rights and obligations without further lender consent under the language contained in the Note and Deed. Moreover, there is nothing in the opinion that speaks to what type of language in a credit contract would

permit an assignment by a debtor without further lender consent. *FH Partners* simply does not speak to the issues before the Court in the present case.

Based upon the foregoing, Jones is now a borrower under the Note and Deed. When a debtor has properly assigned his rights and obligations under a credit agreement, then the assignee stands in the same position as her assignor. *See Shamel v. Specialized Loan Servicing, LLC*, No. 03-12-00691-CV, 2014 WL 4966330, at *3 (Tex. App.—Austin Oct. 2, 2014, no pet.) ("Under Texas law, an assignee, including the assignee of a promissory note, 'stands in the shoes of his assignor' and 'receives the full rights of the assignor.'" (quoting *Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994)). Wells Fargo, without citing to any evidence in the record or authority, asserts in its brief that permitting this assignment could lead to the discharge of the original borrower without Wells Fargo's consent. However, the assignment that has been affected in this case could lead to no such result.

"Generally speaking, a party cannot escape its obligations under a contract merely by assigning the contract to a third party. Thus, as a general rule, a party who assigns its contractual rights and duties to a third

party remains liable unless expressly or impliedly released by the other party to the contract." *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 346-47 (Tex. 2006) (citations omitted); *accord Tennell v. Esteve Cotton Co.*, 546 S.W.2d 346, 352 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.) (holding that the seller's "chance of return performance could not be materially impaired by the mere addition of a party to whom he could look for performance, for, although by virtue of the assignment [the assignee] became obligated for the contractual performance of [the original buyer], the latter was not thereby relieved of its contractual obligation if [the assignee] failed to perform").

## II.   JONES IS ENTITLED TO JUDGMENT ON HER DECLARATORY CLAIM

Jones sought a declaration that she was a principal obligor and borrower under the Note and the Deed and therefore subject to all the rights and responsibilities under these instruments as if an original signatory.  Jones submitted uncontroverted summary judgment evidence that through the divorce decree she was assigned the debt under the Note, that the Note and Deed provided that her ex-husband's "assigns" were also considered borrowers under the Note and Deed and that she had accepted this assignment and assumed the obligations of the Note and Deed.  For

12

the reasons set out above, Jones was entitled to judgment as a matter of law on her motion for summary judgment. Accordingly, she is entitled to a judgment of this Court declaring her to be a borrower and a principal obligor under the Note and Deed.

## PRAYER

Based upon the foregoing, Jones respectfully requests the Court to reverse the trial court's summary judgment for Wells Fargo and render judgment that Jones is a principal obligor of the Note and Deed and entitled to all the rights and responsibilities of a borrower under the Note and Deed.

Respectfully submitted,

**RAY & WOOD**

By: _____
    Doug W. Ray
    State Bar No. 16599200

2700 Bee Caves Road #200
Austin, Texas 78746
(512) 328-8877 (Telephone)
(512) 328-1156 (Telecopier)
dray@raywoodlaw.com
**ATTORNEYS FOR APPELLANT**

## APPELLATE RULE 9.4(I)(3) CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this brief was computer generated using 14-point Book Antiqua typeface and that this brief, excluding those portions enumerated in Appellate Rule 9.4(i)(1), contains 2,833 words, based upon the word count of the computer program used to generate the brief.

_____
Doug W. Ray

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Reply Brief was delivered via electronic service and email to the following:

B. David L. Foster
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
dfoster@lockelord.com
COUNSEL FOR APPELLEE

on this the 17th day of February, 2015.

_____
Doug W. Ray

F:\clients\085258\0022\Jones Appellants Reply Brief.doc