R. M. MARLER & MARIETTA BROADFIELD, as Executrix of the Estate of L. P. Broadfield, deceased, *Plaintiffs in Error*, vs. LOCKE E. PARKER & FLOYD W. MURRAY, *Defendants in Error*.

Division A.

Opinion filed June 2, 1931.

Petition for rehearing denied July 6, 1931.

*Oxford & Cutts,* for Plaintiffs in Error;

No appearance for Defendants in Error.

BUFORD, C.J.—In this case defendants in error were plaintiffs in the court below and plaintiffs in error were defendants in the court below. Plaintiffs filed suit against John J. Rudkin, Helen M. Rudkin, his wife, Orange Belt Realty Company, a corporation, R. M. Marler and L. P. Broadfield. During the progress of the suit Broadfield died and Marietta Broadfield as Executrix of the estate of L. P. Broadfield was substituted as a party defendant. The suit was brought to recover indebtedness due to the plaintiffs evidenced by a note and mortgage securing the same executed by the Rudkins and which had been assumed by Marler and Broadfield as a part of the purchase price in the conveyance of the lands described in the mortgage and conveyed by Rudkin and wife to Marler and Broadfield and assumed by Orange Belt Realty Company as a part of the purchase price in the conveyance of the same lands when conveyed by Marler and Broadfield to Orange Belt Realty Company.

All except one of the material questions presented here have been determined adversely to the contention of the appellants in the case of Slottow vs. Hall Investment Company, filed July 23, 1930, reported 129 Sou. 577, and cases there cited. A question which was not involved in that case and which is presented here is whether or not the plaintiffs having filed suit against the three defendants in which the declaration declared upon the assumption by each of the defendants in separate paragraphs could thereafter dismiss as to two of the defendants and pursue the enforcement of the cause of action against the defendants who are plaintiffs in error here. The same question was presented in the case of Hyde vs. Miller, 60

N. Y. Sup. 974, which was affirmed by the Supreme
Court of New York in a memorandum decision, 60 N. E.
1113. In that case the court enunciated the same rule
which has been heretofore enunciated by this Court, as
follows:

"Where a mortgagor conveys the mortgaged premises
to one who assumes the mortgage debt, the grantee
thereby becomes the principal debtor, and the mortgagor
his surety.

Where successive grantees of mortgaged premises·
have assumed the mortgage thereon, they each thereby
become liable to the mortgagor, and also the mortgagee,
for any deficiency on a sale of the mortgaged premises;
and the mortgagee may maintain an action against the
mortgagor and one or all of the grantees."

In the opinion the Court said:

"As before said, in the case at bar the creditor, Bird,
made an agreement which, it is said, discharged the
principals, Miller and Oldfield, and left the plaintiff
alone liable to him for the mortgage debt. Such agree-
ment was made without the knowledge or consent of the
surety, this plaintiff. So far as appears, the fact that
she had a defense to the claim of Bird, by reason of
such agreement, was not known to her when she paid
the claim, nor until she brought her action to recover
from the parties who had covenanted to reimburse her
for the monies paid. There is nothing disclosed by the
record which would lead her to suspect that any defense
existed to the claim made by Bird against her. When
the complainant in the foreclosure action was served,
she discovered that her obligors, Miller and Oldfield,
were parties. She discovered, or might have discovered,
from such complaint that judgment for deficiency was
demanded against them as well as against her; and, so
far as she knew or could learn, she had no defense to
the action, or to the form of judgment demanded. As

matter of fact, at that time she had no defense. Therefore it would have been idle for her, and she was not called upon to appear or defend in that action, or incur expense for that purpose. So the action proceeded until judgment was recovered, and the plaintiff discovered, or might have discovered, that the judgment was only against her and Elizabeth Bennett. But that fact could not indicate to her that she had a defense, because the plaintiff in that action (Bird) had a right at any stage in its progress to amend his complaint, and demand judgment for deficiency only against the plaintiff in this action. He had a right to discontinue against either of the defendants. As before said, he had a right to proceed against one or either of them, to recover the amount of the deficiency; and, if he had done that it would not be pretended that the right of the plaintiff in this case to pursue Miller and Oldfield on their covenant to her had in any way been affected.''

In Robson vs. O'Toole, a California case reported in 187 Pac. 110, it is said:

''A number of interesting questions present themselves in the course of the determination of the merits of this question. The first of these is as to just what legal relations between the original mortgagee and the said several grantees of the mortgaged premises arise by virtue of their and each of their respective agreements with their immediate grantors of said premises to assume and pay the mortgage thereon. It seems to be practically conceded by the parties hereto that this relation was one by which the said mortgagee, if it was so disposed to accept the benefit of such several agreements as against each, any or all of said persons making the same, could in its foreclosure of said mortgage make each, or any or all of said persons defendants in such foreclosure proceedings, and could obtain a deficiency judgment against such of said persons as it so elected

to make parties to such proceedings. This right existing in the mortgagee was entirely several as to each of said persons, none of whom would have a right as against said mortgagee to insist that any of the others should be made parties defendant to said foreclosure proceeding or be embraced in any judgment in the mortgagee's favor to be rendered therein. It would seem to be also conceded that the relation of each of said successive persons agreeing with their immediate grantors to assume and pay said mortgage became, by virtue of said agreements, that of principal debtors thereon upon said mortgagee's acceptance of the benefit derivable to it by their said several agreements.''

Where a mortgagor holding title to the mortgaged premises sells and conveys the same and the grantee of such mortgagor assumes by any binding obligation as a part of the consideration for such conveyance to pay the mortgage indebtedness and the lands embraced in the mortgage and in the conveyance from the mortgagor to the grantee are subsequently conveyed by successive grantors to grantees, the grantees in the several conveyances respectively assuming as a part of the consideration for the conveyance to pay the mortgage debt, the original mortgagee may either foreclose his mortgage, and in such foreclosure make the mortgagors and any or all of the subsequent grantees parties defendant and recover against any of such defendants the amount of the indebtedness. He can recover no more than the indebtedness and, therefore, can recover the full amount from no more than one defendant. Under like conditions, the original mortgagee, holding a note evidencing the indebtedness secured by the mortgage, may sue at law, making the original mortgagee and any or all of the subsequent grantees parties defendant. Or, he may make the mortgagor or any one of the

grantees defendant and recover judgment for the amount of the indebtedness.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.