**In the Matter of Mae Willie LUMPKIN a/k/a Mary D. Lumpkin, Debtor.**

**CITICORP MORTGAGE, INC., Movant,**

v.

**Mae Willie LUMPKIN a/k/a Mary D. Lumpkin, Gilbert L. Rosenbaum, Trustee, Respondents.**

**Bankruptcy No. 2–92–01368.
Motion No. 92–1009M.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 27, 1992.

Edward P. Jurkiewicz, Hunt, Leibert, Chester & Pontacoloni, P.C., Hartford, Conn., for movant.

Richard E. Greenspan, Hartford, Conn., for debtor.

Gilbert L. Rosenbaum, Hartford, Conn., for Chapter 13 Trustee.

## MEMORANDUM OF DECISION ON MOTION FOR RELIEF FROM STAY

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### ISSUES

In this relief from stay proceeding, Citicorp Mortgage, Inc., the movant, contends cause exists for granting its motion to allow a state foreclosure action to proceed because Mae Willie Lumpkin, the debtor, cannot submit a confirmable chapter 13 plan to cure a default in movant's loan secured by a mortgage on the debtor's residence. The movant argues that this is so because (1) the debtor acquired title to the residence through a non-curable violation of a due-on-sale clause contained in the mortgage deed and (2) the debtor is not the maker of the mortgage note due the movant and no debtor-creditor relation exists between them, thereby precluding the debtor's use of the chapter 13 cure provisions.

The parties have submitted the issues upon the pleadings, the debtor's petition, a stipulation of facts and memoranda of law.

## II.

## BACKGROUND

On May 17, 1991, Kenyatta Lumpkin, the debtor's mother, quitclaimed her interest in a single-family residence known as 12 Charlotte Street, Hartford, Connecticut (the residence) to the debtor. The quit-claim deed was recorded on May 20, 1991 in the Hartford Town Clerk's Office. The residence was then subject to a recorded mortgage deed executed by Kenyatta Lumpkin on May 17, 1988 in favor of the movant securing a loan in the original principal amount of $84,750. The mortgage deed contained a due-on-sale clause providing that if the residence were sold or transferred without the movant's written consent, the movant had the option to require immediate payment of the mortgage note. The movant did not consent to the property transfer to the debtor.

The movant, on October 8, 1991, started a mortgage foreclosure action in state court presumably alleging the mortgage debt to be in default. The state court, on March 24, 1992, entered a judgment of strict foreclosure and set the debtor's law day for April 13, 1992. On April 8, 1992, the debtor filed a chapter 13 petition in this court accompanied by a plan which proposes to pay the mortgage arrearage of $12,-009.29 due the movant over a five year term, with no dividend to creditors holding unsecured claims. The plan calls for monthly payments of $222.39 and provides that the debtor will remit current mortgage payments directly to the movant. The debtor, who has lived at the residence for four years, is employed as a material handler with a gross monthly income of $2982.63.

## III.

## DISCUSSION

Section 1322(b)(5) of the Bankruptcy Code states that a chapter 13 plan may "provide for the curing of any default with-in a reasonable time and maintenance of payments while the case is pending on any ... secured claim...." As generally construed (together with other Code provisions), this section means that debtors may de-accelerate a home mortgage in default and reinstate the original payment schedule. *See e.g., In re Taddeo,* 685 F.2d 24, 26 (2d. Cir.1982).

■ The movant's first argument against the viability of the debtor's plan—that the debtor acquired the property without the movant's consent in violation of the due-on-sale clause—may be quickly disposed of. The Garn–St. Germain Depository Institutions Act of 1982 provides in 12 U.S.C. § 1701j–3(d)(6) that due-on-sale clauses which may be otherwise valid under state law, are unenforceable as to a mortgage "lien on residential real property containing less than five dwelling units ..." in that "a lender may not exercise its option pursuant to a due-on-sale clause upon— ... (6) a transfer where the spouse or children of the borrower become an owner of the property." The debtor having acquired the residence from her mother-the borrower, there is no default to be cured.

■ The movant's final argument is that the debtor, not being the maker of the mortgage note and not having assumed the mortgage, has no personal liability thereon and thus the movant does not hold a "claim" against the debtor as described in § 1322(b)(2) subject to curing under chapter 13. This contention is also unavailing. The Supreme Court in *Johnson v. Home State Bank,* — U.S. ——, ——, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991), utilizing straightforward statutory construction, held that even if a debtor has no personal liability on a mortgage loan, the *in rem* "claim" of a mortgagee is a "claim" subject to inclusion in a chapter 13 plan. *Johnson* ruled that a mortgagee's right to payment in the form of a right to proceeds from sale of property and a right to foreclose are sufficient to constitute a "claim." Admittedly, *Johnson* dealt with a so-called chapter 20 background where the chapter 13 debtor had extinguished his personal liabili-

ty for the mortgage loan by receiving a discharge in a prior chapter 7 case. The reasoning, however, of *Johnson* clearly governs the present proceeding involving a property transfer to a debtor where an existing mortgage has not been assumed. In sum, a chapter 13 plan may deal with a claim where there is no personal liability no matter what circumstances underlay the lack of personal liability. All of the authority [1] the movant has cited to the court was decided prior to *Johnson*, and thus is either simply no longer precedential, or is otherwise inapposite.

The movant's expressed concern that "to allow a transferee-debtor to cure mortgage arrearages for which she was never liable would do violence to existing federal law ... [and] eviscerat[e] 11 U.S.C. Section 1322(b)(2) [2] ...." *Movant's Brief* at 7, is more hyperbolic than persuasive. The unanimous Supreme Court in *Johnson*, in responding to a lender's comparable, but more restrained, argument, stated: "we do not believe that Congress intended the bankruptcy courts to use the Code's definition of 'claim' to police the Chapter 13 process for abuse." *Id.* at ——, 111 S.Ct. at 2156.

## IV.

## CONCLUSION

The motion for relief from stay must be, and hereby is, denied.

---

1. *In re Wilkinson*, 99 B.R. 366, 367–370 (Bankr. N.D.Ohio 1989) (chapter 13 plan cannot cure arrearages on non-assumed mortgage debt since debtors not personally liable); *In re Jones*, 98 B.R. 757, 758 (Bankr.N.D.Ohio 1989) (same); *Jim Walter Homes, Inc. v. Kelly (In re Kelly)*, 67 B.R. 508, 513–514 (Bankr.S.D.Miss.1986) (same).

2. Section 1322(b)(2)—a "plan may— ... (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...."