**In re Joseph Robert JORDAN, Debtor.**

**Bankruptcy No. 96–11620–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

July 30, 1996.

Nancy Herkert, Standing Chapter 13 Trustee, Hialeah, Florida.

Dianne S. Tronolone, Law Offices of David J. Stern, Hollywood, Florida, for Bankers Trust.

Lawrence Shoot, Miami, Florida, for Debtor.

## ORDER DENYING BANKERS TRUST COMPANY'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

A. JAY CRISTOL, Chief Judge.

This cause came before the court on June 18, 1996, upon the objection of Bankers Trust Company, not in its individual capacity, but solely as trustee, or its permitted successors and assigns, on behalf of American Housing Trust IX ("Secured Creditor") to confirmation of Joseph Robert Jordan's ("Debtor") Chapter 13 Plan. The court, having reviewed and considered the memoranda of law, the post-hearing submissions by the respective parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

This case came before the court on May 14, 1996 for confirmation, upon the ore tenus motion of the Secured Creditor that pre-confirmation payments made by Debtor be non-refundable to the Debtor and payable to the Secured Creditor. On May 28, 1996, the court entered its Order Authorizing Chapter 13 Trustee to Disburse Pre–Confirmation Payments to Secured Creditors and Continuing Confirmation. The Debtor is current in making his plan payments.

The Secured Creditor is the holder of the first mortgage on the Debtor's primary residence. The Debtor owns a one-half (½) interest in the subject property with his mother, Anita Jordan who owns the other one-half (½) interest in said property. Anita Jordan was deeded fee simple ownership of the property from the Secretary of Veterans Affairs, an officer of the United States of America on April 19, 1990. In October 1993, Secured Creditor commenced a foreclosure action against Anita Jordan. A stipulation and payment agreement was entered into between Secured Creditor and Anita Jordan. Anita Jordan subsequently defaulted in her payments pursuant to the payment agreement resulting in Secured Creditor obtaining a final judgment of foreclosure on May 17, 1995. Anita Jordan filed a Chapter 13 case on June 14, 1995 which was dismissed with prejudice to Anita Jordan refiling for six months. Debtor was deeded his one-half ownership in the property on March 20, 1996, by his mother Anita Jordan. The deed for the one-half (½) ownership interest provided, "GRANTEE TO ASSUME AND PAY THE MORTGAGE OF RECORD." The parties agree that it is Debtor's principal residence.

### CONCLUSIONS OF LAW

 Secured Creditor has argued that a home lender can not be compelled to accept assumption of a mortgage by a third party, and that the parties' respective interests and rights involved were determined by the filing of the lis pendens and the entry of the Final Judgment of Foreclosure. The Secured Creditor further argues that because Anita Jordan could not file for bankruptcy for a period of six months following the dismissal of her own bankruptcy case, she could not reinstate her mortgage and her son should likewise be prevented from reinstating the mortgage. The Secured Creditor relies on *In re Kizelnik*, 190 B.R. 171 (Bankr.S.D.N.Y. 1995). The debtor in *Kizelnik* had no ownership interest in the property. The petition in *Kizelnik* thwarted the secured creditor's fourth attempt to conduct a foreclosure sale of the real property. The court reasoned that a stranger to the mortgage, who accepts no personal liability for the indebtedness can not be afforded the protection of a Chapter 13. In *Matter of Hutcherson*, 186 B.R. 546 (Bankr.N.D.Ga.1995), the bankruptcy court determined that by virtue of the transfer of ownership from the mortgagor-mother to the debtor-daughter, the mortgagee did hold a claim against the debtor-daughter's estate in bankruptcy, even though no "privity of contract" ever existed between mortgagee and debtor. *Id.* at 551. The debtor-daughter did not assume the mortgage. Another transfer from mortgagor-mother to debtor-daughter without the assumption of the mortgage by the debtor occurred in *Matter of Lumpkin*, 144 B.R. 240 (Bankr.D.Conn.1992). In *Lumpkin*, the court held that even though the Chapter 13 debtor acquired the property from her mother without assuming the mortgage, the *in rem* "claim" of the mortgagee was a "claim" subject to inclusion in a Chapter 13 plan. *See also, Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115

L.Ed.2d 66 (1991). In the instant case, the Debtor assumed and agreed to pay the mortgage. In Florida, a grantee who purchases mortgaged land from the mortgagor and assumes and agrees to pay the mortgage, becomes the principal debtor and the original mortgagor a surety. *Marler v. Parker,* 101 Fla. 780, 135 So. 400 (Fla.1931), *Proctor v. Hearne,* 100 Fla. 1180, 131 So. 173 (Fla.1930).

The mortgage provides that it can not be assumed without the approval of the Secretary of Veterans Affairs. That provision should be equated with a due on sale clause. The Garn–St. Germain Depository Institutions Act of 1982 in 12 U.S.C. § 1701j–3 provides that "due-on-sale clause" means a contract provision which authorizes a lender, at its option, to declare due and payable sums secured by the lender's security instrument if all or any part of the property, or an interest therein, securing the real property loan is sold or transferred without the lender's prior written consent. The exemptions preventing a lender from exercising the right to approve a transfer are found at 12 U.S.C. § 1701j–3(d) which states in pertinent part that "... a lender may not exercise its option pursuant to a due-on-sale clause upon— ... (6) a transfer where the spouse or children of the borrower become an owner of the property." The Debtor, having received his ownership interest from his mother, did not need the consent of the mortgagee.

Under 11 U.S.C. § 1322(c)(1), the default may be cured until the residence is sold at a foreclosure sale. There was a final judgment of foreclosure but there was not a foreclosure sale. Therefore, in accordance with the foregoing, the Secured Creditor's Objection to Confirmation of Chapter 13 plan is denied and the plan is confirmed.

ORDERED.